IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEVERLY S. MOORE                                                                PLAINTIFF

v.                         CIVIL NO. 06-5190

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff Beverly S. Moore brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on January 22, 2004, alleging an inability to work since July 1, 2001, due to a seizure disorder, headaches and back pain.[2] (Tr. 11, 44-46). An administrative hearing was held on September 13, 2005. (Tr. 215-238). Plaintiff was present and represented by counsel.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] At the hearing before the ALJ, plaintiff amended her onset date to October 1, 2002. (Tr. 223).

AO72A
(Rev. 8/82)

By written decision dated October 11, 2005, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 16). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of medium work but was to avoid exposure to hazards. (Tr. 15-16). With this RFC, the ALJ determined plaintiff could perform her past relevant work as an order filler. (Tr. 16).

Plaintiff appealed the decision of the ALJ to the Appeals Council. The Appeals Council denied review. (Tr. 3-5). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and the case is before the undersigned pursuant to the consent of the parties. (Doc. # 6, 7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

3

experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**Discussion:**

An ALJ's decision that a claimant can return to [her] past work must be based on more than conclusory statements. The ALJ must specifically set forth the claimant's limitations, both physical and mental, and determine how those limitations affect the claimant's residual functional capacity [RFC]." *Groeper v. Sullivan*, 932 F.2d 1234, 1238-39 (8th Cir. 1991). The Administration's own interpretation of the regulations reflects this need for specificity. The determination that a "claimant retains the functional capacity to perform past work . . . has far-reaching implications and must be developed and explained fully in the disability decision." S.S.R. No. 82-62, 1982 WL 31386, *3 (Ruling 82-62); *see also Sells v. Shalala*, 48 F.3d 1044, 1046 (8th Cir. 1995) (discussing Ruling 82-62). The Eighth Circuit has held, consistent with ruling 82-62, that a "conclusory determination that the claimant can perform past work, without these findings, does not constitute substantial evidence that the claimant is able to return to [her] past work." *Groeper*, 932 F.2d at 1239.

After reviewing the entire evidence of record, we are troubled by the ALJ's determination that plaintiff is able to perform her past relevant work as an order filler. Plaintiff did not report the work demands of her work as an order filler in the forms she completed in her disability application and she did not testify about the work demands at the hearing. There is also no evidence showing that a vocational expert testified or completed interrogatories detailing plaintiff's past relevant work or if she could perform her past relevant work based on her RFC.

Accordingly, we believe remand is necessary in order for the ALJ to obtain evidence to clarify the specific demands of plaintiff's past relevant work; and to determine if plaintiff's environmental restrictions will affect her ability to perform this work. *See Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997) ("The ALJ must make explicit findings regarding the actual physical and mental demands of the claimant's past work. Then, the ALJ should compare the claimant's residual functional capacity with the actual demands of the past work..."); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). If after proper review of an adequately developed record, the ALJ finds that plaintiff cannot return to her past relevant work, the burden will shift to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can perform. *Sells v. Shalala* at 48 F.3d 1044.

While on remand we *strongly* suggest that the ALJ direct interrogatories to Drs. William Webb and Jeff Honderich requesting that the physicians review plaintiff's medical records; complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

AO72A
(Rev. 8/82)

DATED this 10th day of August 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE